UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

ALETHA GREGGS,

        Debtor.

_____ /

Case Number: 13-40786-ws
Chapter 13
Hon. Walter Shapero

## OPINION IN CONNECTION WITH CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

Pursuant to our Court's Guideline 14 of October 24, 2012, our Court stated that effective with Chapter 13 cases filed after January 2013, all Chapter 13 Plans filed in this District must be in the form and content of the specified new model plan.

The posted notice accompanying that Guideline dated October 25, 2012, noted that Section 1B of the Model Plan permits a debtor to propose plan provisions different than those contained in the Model Plan, but in doing so must identify each provision that is different.

In this case, the Debtor has proposed that the second sentence of Par.V.D. of the Model Plan be deleted. The first sentence of that provision says, "Counsel reserves the right to file applications for compensation for services rendered subsequent to the confirmation of this Plan." That excised second sentence provides:

> Upon entry of an Order Awarding Post-Confirmation Attorney Fees, if Debtor's Plan will not complete within 60 months of the date of the Order Confirming Plan, all unpaid Attorney fees and costs shall be paid by the Trustee only after a plan modification that allows Debtor's Plan to complete within 60 months from the date of the Order Confirming Plan is approved with notice as is appropriate to parties in interest.

1

The Trustee has objected to confirmation based on the rationale for the adoption of that Model Plan provision which essentially was that requiring a Plan modification incident to post confirmation fee applications, over time will early on and more likely lead to higher discharge rates in Chapter 13 cases. It will do so because it will then be specifically demonstrated by way of such a modification, (at least based on the facts as of that time), that the plan will be completed on time; as to there being no set guidance or procedure in situations where allowance of the post confirmation fee application might jeopardize timely plan completion; Debtor's response in this, and Debtors' responses in other pending cases, before this Court and other Judges in this District are that (1) changes specifically permitted (and there is nothing other than any relevant applicable statutory or rule provisions) that sets forth any criteria to be applied in evaluating any such changes; (2) the Plan Modification requirement before post petition fees can be paid violates the provisions of 1325(a) (because the provision at issue is not one required to confirm a plan); and/or 1326(b)(1) which in essence requires the post petition attorney fees, (an administrative expense) to be paid before or at the time of payments under the plan, i.e., not be delayed or possibly denied pending disposition of a Plan Modification; and, (3) as an experiential matter, and notwithstanding a post confirmation fee award, plans may be completed timely without modification for any number of reasons or post confirmation occurrences or agreeable adjustments, and thus the matter ought to be left for a case by case determination, rather than a mandated plan modification; (4) requiring a modification in many if not most cases (because the fee allowance will not likely affect the case completing timely) needlessly increases the costs of administering those case; and (5) the situation will only arise in cases where the actual fees sought exceed the estimated post confirmation fees set forth in the initial plan feasibility calculations.

The dispositive issue is a legal one. On that question, this Court agrees with the Chief Judge of our Court in the case of Wm. B. Cichowski, Case Number 13-40133, who ruled that the above noted 1325(a) and 1326(b)(1) arguments prevail, and thus confirmed the Plan with the deletion of the indicated Model Plan language.

That said, it should be said, as did the Chief Judge in the indicated case, that the Model Plan was arrived at after extensive discussions among the bar, and by the Court itself in interaction with the bar in pursuance of the goal of increasing discharge rates. To this Court, that means the Model Plan's well thought out contents are important and not to be taken lightly and proposed changes should be consistent with that goal.

During the court arguments, both Debtor's attorney and the Trustee indicated that there may be ways in which the goals and concerns of both parties might be achieved in this situation and the Court encourages any such discussions.

Accordingly in this case, the objections of the Trustee are overruled, and if that is the only remaining objection that is unresolved, the Plan can be confirmed.

**Signed on April 24, 2013**

                                      **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**